UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA ALEXANDER o/b/o
S.A., a minor,

                    Plaintiff,

                                                    Case No. 13-CV-11912

v.

                                                    HON. GEORGE CARAM STEEH

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC.
#14] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. #9]

INTRODUCTION

        In this case plaintiff, a minor, appeals the denial of supplemental security income

benefits. The matter is before the Court on the parties' cross motions for summary

judgment. Being fully advised in the premises and having thoroughly considered both the

pleadings and the record, the Court affirms the defendant's determination that Plaintiff is

not disabled. For reasons given below, the court denies plaintiff's motion for summary

judgment and grants that of the defendant.

FACTS

I.      **Factual Background**

        Plaintiff was born on September 5, 1999, and was twelve years old at the time of the

ALJ's decision (Administrative Record ("AR") 20). Plaintiff alleged that he was disabled as

of July 12, 2010, in connection with his Attention Deficit Hyperactivity Disorder ("ADHD")

(AR 15, 121).

At the time of the hearing, plaintiff testified that he was twelve years old, played basketball, had friends, and was in the sixth grade (AR 19). He was  not enrolled in any special education classes (AR 19).

Plaintiff began receiving therapy at Eastwood Clinic in May 2009, after he developed some behavioral issues (AR 20). Dr. Ferguson administered a psychological evaluation and observed normal results (AR 20). However, progress notes referred to his poor social skills, lack of motivation, and declining grades (AR 20). Dr. Ferguson diagnosed plaintiff with ADHD, but assigned him a Global Assessment of Functioning ("GAF") score of 55, which is indicative of moderate symptoms (AR 20, 216-18, 220). Furthermore, additional treatment notes from Eastwood Clinic in July 2010, near the alleged onset date, indicated improvement with regular treatment (AR 20-21, 210-11).

Plaintiff's teacher during the 2009-2010 school year, Ms. Witulski, opined that plaintiff had serious problems expressing his ideas, which impeded his ability to acquire and use information (AR 22, 151-58). She also noted that plaintiff had problems completing assignments, required frequent redirection, had signs of defiant behavior, experienced mood swings, and had trouble making good judgments (AR 22, 151-58). She attributed these behaviors to plaintiff's medication (AR 22).

Ms. LaPoint, who taught plaintiff in 2010, stated that plaintiff was participating in regular education courses, and had mastered some concepts in school (AR 22, 238-48). She further noted that plaintiff did not always complete his work on time, and needed to improve his concentration (AR 22). However, she did mention that plaintiff had many friends, was well liked by other students, and had a good disposition towards others (AR 22).

2

In November 2010, plaintiff underwent a consultative examination with Dr. Van Horn (AR 20-21, 258-64). Dr. Van Horn observed that plaintiff had good eye contact, normal mannerisms, sat still throughout the testing, demonstrated good memory skills, did not exhibit any poverty of speech, and managed to perform simple addition and subtraction (AR 20). Dr. Van Horn administered the Wechsler Intelligence Scale for Children to plaintiff (AR 20-21, 262-63). As a result of the test, it was determined that plaintiff's Full Scale IQ was 89, which placed him at the low average to average range (AR 21, 263). Dr. Van Horn did not believe that plaintiff was grossly impaired and did not observe behaviors consistent with ADHD (AR 21). Finally, she evaluated the plaintiff as having a GAF score of 65, "which is indicative of someone who is generally functioning pretty well and who has only mild symptoms or some difficulty in social or occupational functioning" (AR 21).

In May 2011, plaintiff underwent evaluation for an Individualized Education Program ("IEP") at his school, Four Corners Montessori School, and a social work evaluation to determine if he would be eligible for special education. (AR 21, 276). The results of the evaluations determined plaintiff was ineligible for special education, "but allowed some resource room involvement as needed (AR 21)." However, the school psychologist, Michael Irla, suggested that plaintiff qualified for special education services under the "auspices of otherwise health impaired (AR 21, 292)."

The state agency medical consultants also gave their opinion after reviewing the medical records (AR 22). Dr. Valorie Domino and Dr. Milford Schwartz felt plaintiff had less than marked limitations in three of the six areas needed to establish whether benefits are awarded (AR 22, 69-70). Additionally, they felt plaintiff did not have any limitations in the three remaining domains (AR 22, 60-70).

3

## II.    Procedural Background

On July 28, 2013, Cassandra Alexander, on behalf of plaintiff, filed an application for Supplemental Security Income ("SSI"), claiming that plaintiff was disabled due to his Attention Deficit Hyperactivity Disorder ("ADHD"). The application was denied on November, 29, 2010, by the state disability determination service. Plaintiff requested, and was granted, a hearing before an ALJ. On December 12, 2011, the ALJ found that plaintiff was not disabled and was not entitled to SSI. The Appeals Council denied the plaintiff's request for review. Therefore, the ALJ's decision became the final decision of the Commissioner.

### STANDARD

The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). This statute limits judicial review in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("If an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case *de novo*,

4

resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528,535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284,286 (6th Cir. 1994).

<u>ANALYSIS</u>

**I.     Childhood Disability Standard**

The Social Security Act considers an individual under the age of 18 disabled if that individual has a medically determinable physical or mental impairment, "which results in marked or severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

Under the authority of the Social Security Act, the Social Security Administration has established a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled. 20 C.F.R. § 416.924(a).

At step one, it must be determined if the child is participating in substantial gainful

activity. 20 C.F.R. § 416.924(b). If the child is determined to be able to participate in substantial gainful activity then the child will not be considered disabled. *Id.* Substantial gainful activity is work that is both substantial and gainful. "Substantial work activity is work activity that involves doing significant physical or mental activities. Gainful work activity is work activity that you do for pay or profit." 20 C.F.R. § 416.972. If the child has not participated in substantial gainful activity then the analysis moves on to step two.

At step two, the child must be determined to have a medically determinable impairment that is severe. § 416.924. If it is found that the child does not have a medically determinable impairment, or his or her impairment is a slight abnormality, then the child will not be considered disabled. *Id.* The analysis proceeds to the next step if the child's impairment is severe.

At step three, a child will be found disabled if he or she has an impairment that "meets, medically equals, or functionally equals the severity of a listing." 20 C.F.R. § 416.924(d). If the impairment does not meet or medically equal any listing, then it must be decided whether the impairment functionally equals any of the listings. 20 C.F.R. § 416.926a(a). Six domains are considered when determining whether a child's impairment equals the listings: Acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. *Id.* "Functionally equal to the listings" means the child's impairment results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *Id.* "Marked" limitation is found when a child's impairment(s) interferes seriously with his or her ability to "independently initiate, sustain, or complete activities." It is a limitation that is more than moderate, but less than extreme.

6

§ 416.926a(2)(I). An "extreme" limitation is when a child's impairment(s) interferes very seriously with his or her ability to "independently initiate, sustain, or complete activities." § 416.926a(3)(I).

## II.   Plaintiff's Motion For Summary Judgment

In his motion for summary judgment, plaintiff argues that the ALJ failed to properly evaluate all the medical records and opinions of evidence; and the ALJ improperly found less than marked impairments in the 'acquiring and using information' domain and the 'health and physical well being' domain.

### A.   Failure to Properly Evaluate Medical Records and Opinions of Evidence

Plaintiff asserts that the ALJ failed to provide good reasons for the weight given to the medical records and opinions. Specifically, plaintiff contends that the ALJ did not properly explain her decision for not allotting greater weight to the early findings from Eastwood Clinics, records from his teachers and the school psychologist, and the testimony from himself and his mother. The findings of the treating physician(s) are to be given substantial deference if they are consistent with the evidence. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). Furthermore, Social Security Ruling 96-8p states that the adjudicator must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

First, plaintiff argues the ALJ failed to address medical source statement indicating that two or more domains were satisfied. This is the statement of Dr. Ferguson, the treating physician from Eastwood Clinics, who indicated on September 9, 2011 that plaintiff had marked limitations in three of the six domains: acquiring and using information; attending

7

and completing tasks; and health and physical well-being (AR 300). The ALJ makes no mention of this report in her decision. However, the reason for this is because this report was not before the ALJ when she made her decision, rather, it was first presented to the Appeals Council. Defendant maintains that this Court cannot consider evidence that plaintiff presented to the Appeals Council that was not presented to the ALJ. The Court, however, "may at any time order additional evidence to be taken before the Commissioner . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42. U.S.C. § 405(g).

Evidence is considered "new" if it was not in existence or if it was unavailable to the plaintiff at the time of the administrative proceeding. *Dixon v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 151447 * 20 (E.D. Mich. Oct. 6, 2011). The ALJ did not render her decision until Dec. 12, 2011, which would have provided plaintiff plenty of time to present the September 9th report by Dr. Ferguson. Thus, this evidence cannot be considered new and the ALJ did not err by failing to consider it.

Furthermore, even if the report was considered new evidence, the plaintiff failed to show good cause for failing to incorporate it into the record in the prior proceeding. In order to show good cause, the plaintiff must provide a reasonable justification for failing to acquire and present the new and material evidence to the ALJ. *Id.* at 22. In the present case, the plaintiff failed to give any justification for failing to present the new and material evidence. Plaintiff's argument on this issue lacks merit.

Next, plaintiff alleges the ALJ failed to consider testimony given by himself and his mother. However, the ALJ specifically mentioned testimony given by the plaintiff. The ALJ

8

acknowledged that the plaintiff testified, among other things, that he was not participating in any special education classes; he enjoyed playing basketball with his friends; he had friends at school and in his neighborhood; he read; and he denied getting into arguments with his teachers. His testimony, combined with that of the treating physicians, supports the ALJ's decision of less than marked limitations. Additionally, the ALJ mentions the testimony offered by plaintiff's mother on numerous occasions. Although plaintiff's mother did testify that her son exhibited, and continued to exhibit from time to time, behavior consistent with ADHD, she also stated on numerous occasions that she was seeing improvement in her son since he began taking medication and receiving treatment from the Eastwood Clinic. She also denied observing any side effects from her son's medication. Her testimony is supported by the findings of Dr. Van Horn. Dr. Van Horn evaluated the plaintiff and assigned him a GAF score of 65, which is indicative of someone who is generally functioning pretty well and who has only mild symptoms. Dr. Van Horn also believed that this improved GAF score was a direct result of the treatment plaintiff was receiving and the medication he was taking.

Finally, the plaintiff contends that the opinion of the school psychologist, Michael Irla, was not addressed by the ALJ. In her decision, the ALJ noted that Mr. Irla believed the plaintiff might qualify for special education services for being "otherwise health impaired." While it is true that the ALJ failed to mention how much weight this opinion was given, it is clear the ALJ gave it some consideration. The ALJ's failure to fully address Mr. Irla's opinion does not qualify as reversible error. Reversible error occurs only if plaintiff has been prejudiced on the merits. *Boruff v. Astrue*, 648 F. Supp. 2d 932 (E.D. Mich. 2009); *see also Broughton v. Astrue*, No. 07-257-HRW, 2008 U.S. Dist. LEXIS 1776, *3 (E.D. Ky. Jan. 8,

9

2008) (finding that "the ALJ's omission is of no consequence" because the plaintiff "would still fall short of satisfying the requirements for disability."). In the present case, plaintiff was not prejudiced by the ALJ's possible limited consideration of Mr. Irla's opinion. First, Mr. Irla failed to mention in which, if any, domain plaintiff had a marked limitation. Second, as noted above, the ALJ did consider the information from Mr. Irla. Third, there is substantial evidence on the record as a whole that supports the ALJ's conclusion, which would not have been affected by a more thorough discussion of Mr. Irla's opinion by the ALJ.

**B.     Health and Physical Well-Being**

Plaintiff also asserts the ALJ erred by finding less than marked limitations in the health and physical well-being domain. The health and physical well-being domain "considers the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on a child's functioning." § 416.926a(l). An example of a limitation in health and physical well-being includes "lethargy (e.g. fatigue or loss of energy or stamina)." *Id.*

In determining that the plaintiff had less than marked limitations in health and physical well-being, it appears the ALJ relied on the report from Eastwood Clinic and the testimony from the plaintiff's mother. Plaintiff emphasizes the report of Ms. Witulski, one of the plaintiff's teachers from 2009-10, who opined that the plaintiff was experiencing drowsiness. However, the ALJ noted that the plaintiff's mother testified that his drowsiness had improved since he began taking his medications at night. In addition, plaintiff's teacher the following year, Ms. LaPoint, did not express any observations of the plaintiff having problems with drowsiness, which supports the mother's contention that the medications had helped. Also, treatment notes from Eastwood Clinic repeatedly indicated the plaintiff did not

10

have any side effects from his medication. Thus, the ALJ reasonably found that plaintiff had no limitation in his health and physical well-being.

### C.    Acquiring and Using Information

Finally, Plaintiff contends that the ALJ improperly found a less than marked limitation in the acquiring and using information domain, because she failed to address substantial evidence that supported the plaintiff's claim. The "acquiring and using information" domain deals with how well a child is able to acquire or learn information, and how well a child uses the information he has learned. School aged children (ages 6-12) should be able to "learn to read, write, and do math, and discuss history and science . . . [and] use increasingly complex language to share information and ideas with others." 20 C.F.R. 416.926a(g).

The ALJ referred to three evaluations in her determination that plaintiff has a less than marked limitation in this domain. The first is a number of the plaintiff's test scores which confirmed the plaintiff functions at the low average to average range of intelligence. These scores are from the Wechsler Intelligence Scale for Children - Fourth Edition, which was administered by Dr. Van Horn. In her opinion, the plaintiff had some learning difficulties, but was not grossly impaired. Next, the ALJ referred to the report of plaintiff's teacher, Ms. LaPoint. The ALJ noted that Ms. LaPoint reported the child was participating in regular education courses and had mastered some basic concepts. Finally, the ALJ referred to an Individualized Education Program and a social work evaluation.

As stated earlier, the report by Dr. Ferguson identifying marked limitations in three domains, including the acquiring and using information domain, was not in front of the ALJ when she made her decision. The only piece of evidence left that the plaintiff could argue the ALJ ignored is the opinion offered by the plaintiff's teacher, Ms. Witulski. She opined

11

that, during the 2009-2010 school year, plaintiff showed a marked limitation in acquiring and using information. In *Boruff,* the court remanded a case to the ALJ because he failed to persuasively justify why he ignored a questionnaire filled out by one of the plaintiff's teachers. While in *Boruff*, the court could not determine if the ALJ considered particular evidence, in this case it is clear that the ALJ considered, and gave some weight to, Ms. Witulski's opinion. *Id.* at 942. Therefore, the ALJ's decision did not ignore Ms. Witulski's report, and her decision that plaintiff had a less than marked limitation in the acquiring and using information domain was supported by substantial evidence.

### III.   Defendant's Motion For Summary Judgment

In defendant's motion for summary judgment, defendant makes two arguments: (1) Plaintiff does not identify a single treating physician opinion that the ALJ overlooked; and (2) the decision of the ALJ was supported by substantial evidence.

As discussed above, plaintiff has asserted that the ALJ overlooked a treating physician's opinion. In contrast, defendant contends that plaintiff failed to identify any specific treating physician's opinion that was overlooked. The possible treating physicians in this case are: Dr. Debora Ferguson; Dr. Firoza B. Van Horn; and Drs. Valorie Domino and Milford Schwartz. In her decision, the ALJ specifically stated that she gave great weight to each of these treating physician's opinions, and discussed each of their findings. The plaintiff makes reference to a "Child Disability Evaluation Form" that Dr. Ferguson completed. This form is the only opinion the plaintiff could assert has been overlooked. However, as previously mentioned, this form was submitted to the Appeals Council and not to the ALJ. When new evidence is presented on appeal, the reviewing court can remand for further consideration of the evidence "only where the party seeking remand shows that

12

the 'new' evidence is 'material'" and he or she had good cause for not including it in the prior proceeding. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). As discussed above, this piece of evidence would not be considered "new", and the plaintiff failed to provide a reasonable justification for his failure to include it in the previous proceeding. Therefore, as discussed above, the court is in agreement with defendant that the ALJ did not overlook any of the treating physician's opinions.

Defendant also generally asserts that the ALJ's decision was supported by substantial evidence, consistent with the court's view of the evidence. "Substantiality of the evidence must be based upon the record as a whole." *Vansickle v. Comm'r of Soc. Sec.*, 277 F.Supp.2d 727, 730 (2003)(*quoting Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401. A review of the record demonstrates that the ALJ considered all of the evidence before making her decision, including each of the treating physicians' opinions that were before her at the time of her decision.

Additionally, the ALJ considered the testimony given by the plaintiff and his mother. As asserted by the defendant, the ALJ's decision indicates she did not find the testimony given by the plaintiff and his mother to be indicative of anything other than normal behavior for a 12-year old child. Even if the plaintiff had shown serious signs of impaired behavior consistent with ADHD, defendant correctly points out that plaintiff's mother testified she had seen improvements since he began taking medication and started receiving treatment. The testimony given by the plaintiff himself and his mother combined with that of the various treating physicians led the ALJ to an appropriate decision under the circumstances.

13

Finally, as previously addressed, the failure by the ALJ to communicate how much weight was given to the school psychologist's opinion is not reversible error. The school psychologist opined that the plaintiff qualified for special education services under the auspices of "otherwise health impaired." However, the plaintiff was not prejudiced by the ALJ's failure to adopt this opinion because the ALJ's determination was supported by substantial evidence. *See e.g., Boruff*  648 F. Supp. 2d 932.

<u>CONCLUSION</u>

For the above reasons, the plaintiff's motion for summary judgment is DENIED, and the defendant's motion for summary judgment is GRANTED.

Dated:  July 21, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 21, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

14